IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THOMAS D. CASHNER,**

    **Plaintiff,**

vs.                                                                                CIV. No. 98-32 JP/LCS

**FREEDOM STORES, INC.,**
**EDUCATIONAL ENTERPRISES, INC.,**
**LEONRAD MELLEY, SR., LEONARD**
**MELLEY, JR., and JOHN MELLEY,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On October 21, 1998, Plaintiff Thomas D. Cashner filed a "Motion for Partial Summary Judgment" (Doc. No. 26) under rule 56 of the Federal Rules of Civil Procedure. Plaintiff moves for summary judgment on the issue of liability and for dismissal of all affirmative defenses set forth in Defendants' "Answer to Complaint." Plaintiff argues that the only issues that should remain are the amount of Plaintiff's damages, associated interest, costs, and attorney fees. After a thorough review of the briefs and law, I agree and conclude that the motion should be granted.

On November 10, 1998, the Defendant filed a "Cross Motion for Summary Judgement" (Doc. No. 34) under Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the law and briefs, I conclude that the Defendants' motion should be denied.

## I. BACKGROUND

On April 29, 1993, the parties entered into a Settlement Agreement and submitted it to this court. The agreement was adopted as a final order of this court and entered on May 5, 1993. The agreement was the product of a previous lawsuit involving the same parties in this case. In paragraph five of the Stipulation for Settlement, the parties agreed:

> Should either party breach the terms of [the] stipulation for settlement, the non-breaching party shall have the option of either seeking to enforce [the] agreement by way of contempt powers of the U.S. District Court for the District of New Mexico or seek any other equitable or legal relief available to the non-breaching party in any other court of competent jurisdiction. The non-breaching party shall be entitled to recovery of reasonable attorney's fees.

Plaintiff now brings suit under the agreement for damages incurred by reason of Defendants' breach of the settlement agreement. Defendants set forth several affirmative defenses, some of which are precluded by the previous findings that the stipulation for settlement is valid and enforceable, and that Defendants are in breach of the agreement. The other affirmative defenses are laches, waiver, offers to perform, and failure to mitigate.

## II. ANALYSIS

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact . . ." *Id.* Issues related to liability and the affirmative defenses raised by the Defendants can be properly disposed of by partial summary judgment under Rule 56(a).

The first issue is whether the Defendants are in material breach of the settlement agreement. Defendants agree that if they are in material breach, then all their affirmative defenses based on the employment relationship between the parties and all affirmative defenses based on the validity of the settlement agreement are precluded. (Defendants' Memorandum in Opposition to Plaintiff's Motion, p. 2)

As Plaintiff correctly argues, there is no genuine factual issue as to breach because the issue is precluded by collateral estoppel. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). For collateral estoppel to apply in this case, Plaintiff must demonstrate that: (1) the issue previously decided is identical with the one presented in this action, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Peffer v. Bennett*, 523 F.2d 1323 (10th Cir.1975).

In the previous action, the same parties litigated the issue of whether the Settlement Agreement was enforceable and valid. Plaintiff prevailed and Defendants were subsequently found to be in breach of the agreement. On November 19, 1993, I issued an Order that gave the Defendants until December 1, 1993, to comply with the terms of the settlement agreement that I approved on May 5, 1993. The Defendants appealed the November 19, 1993, Order, but later dismissed their appeal and filed a motion to set aside judgment under Rule 60(b) of the Federal Rules of Civil Procedure. On August 30, 1994, I granted the Defendants' motion to set aside the

3

April 29, 1993, Settlement Agreement, the May 5, 1993, Order, and the November 19, 1993, Order. On appeal, the 10th Circuit Court of Appeals reinstated the Settlement Agreement and the two subsequent Orders. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572 (10th Cir. 1996). This procedural history demonstrates not only that the parties against whom collateral estoppel is to be applied had a full and fair opportunity to litigate the issue, but that the breach was actually litigated and necessarily determined. Therefore, Defendants should be precluded from re-litigating the issue of breach of the Settlement Agreement.

Defendants argue that because the November 19, 1993, Order did not label Defendants' breach as material, the breach is not material. (Defendants' Memorandum, Page 1). Plaintiff correctly points out that such an interpretation attempts to place an overly technical interpretation on this court's finding. A "material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Niblock v. Mercedes Benz Credit Corp.*, 1998 WL 27153 (4th Cir., January 27, 1998) (citing *Horton v. Horton*, 487 S.E.2d 200 (Va. 1997). In this case, Defendants failed to deliver $1,000,000 in accounts receivable to the Plaintiff as required by the Settlement Agreement. Delivery of the accounts was the primary purpose of the Settlement Agreement and failure to deliver frustrated the fundamental purpose of the Settlement Agreement.

Defendants agree that if they are in material breach of the Settlement Agreement, then all affirmative defenses based on the employment relationship between the parties and all affirmative defenses based upon the argument that the Settlement Agreement is not valid are barred by res judicata because they are defenses that should have been asserted and litigated in the previous action. (Defendants' Memorandum in Opposition of Plaintiff's Motion, Page 2).

4

The only issues that remain are the validity of Defendants' affirmative defenses, on which the Defendants have the burden of proof, that accuse Plaintiff of delay, failure to mitigate, waiver and failure to accept Defendants' offer to perform.

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F. 2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

"The defendant has the burden to prove that the plaintiff did not exercise reasonable diligence in mitigating its damages." *Eastman Kodak Comp. v. Westway Motors Freight, Inc.*, 949 F.2d 317, 320 (10th Cir. 1991). Defendants failed to meet their burden since they have not presented any evidence showing how the Plaintiff could have reasonably limited his damages. Hence, Plaintiff's Motion for Summary Judgement on the Defendants' affirmative defense of failure to mitigate damages should be granted.

Defendants' laches defense also is properly disposed of by summary judgment. Laches requires proof of: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *Costello v. United States*, 365 U.S. 265, 282 (1961). To establish the laches defense, a defendant has the burden of proof in showing the existence of the two factors. *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1032 (Fed.Cir.

5

1992).  Defendants presented no evidence supporting the two factors necessary for a defense of laches.  Furthermore, the procedural history of this case demonstrates that Plaintiff has been quite diligent in pursuing his claim.  Plaintiff has continuously sought enforcement of the Settlement Agreement from 1993 until the present.

The defense that Plaintiff waived his right to bring the current action because the previous lawsuit was dismissed should also be disposed of by summary judgment.  Defendants failed to present any evidence demonstrating how the Plaintiff waived his right to bring the current action.  As provided in the Settlement Agreement, a non-breaching party has the option of asking the Court to enforce the Settlement Agreement through its contempt powers or seeking legal and equitable relief in any court of competent jurisdiction.  After the Defendants breached the Settlement Agreement in 1993, and after remand by the 10th Circuit Court of Appeals in 1996, the Plaintiff asked this court to award damages rather than to force compliance with the Settlement Agreement.  Defendants, however, argued that under the plain language of the Settlement Agreement and the court's May 5, 1993, Order adopting the Settlement Agreement, the district court retained the power to *enforce* the Settlement Agreement through its contempt powers, but that the Settlement Agreement "clearly relegated the *damages* remedy requested by Plaintiff to 'other equitable or legal relief available to the non-breaching party in any other court of competent jurisdiction' [ ], i.e., a separate breach of contract action."  ("Defendants' Opposition to Plaintiff's Motion to Quantify Damages arising from Settlement Agreement filed December 19, 1998," at 8 ) (emphasis supplied) Before this court ruled on Plaintiff's Motion to Quantify Damages, the Plaintiff voluntarily withdrew his request for monetary damages and the prior lawsuit was dismissed without prejudice so that the Plaintiff could pursue the current action,

as the Defendants had so vehemently argued he should do. Moreover, the January 8, 1998, Order of Dismissal of the prior lawsuit stated, "[c]ounsel for plaintiff advised that plaintiff will not pursue that claim in this case, but instead *will assert it in a separately-filed action*." (emphasis supplied) Defendants did not object in writing to that language in the Order of Dismissal, as they had the option of doing, and the motion for dismissal was granted. These events do not support an inference of waiver. Consequently, the affirmative defense of waiver also is properly disposed of by summary judgment.

The final affirmative defense is Defendants' offer to now perform in accordance with the terms of the Settlement Agreement. The November 19, 1993, Order found that the accounts previously submitted by the Defendants did not meet the requirements of the Settlement Agreement. Accordingly, I found that the Defendants had breached the Settlement Agreement. Defendants have continuously claimed that they could not, and would not, provide Plaintiff with accounts receivable as required by the Settlement Agreement. (Melley, Sr. Aff. of 12/30/93 ¶ 2, and Melley, Sr. Aff. of 8/17/94, ¶ 7.) Defendants now assert an affirmative defense of offer to perform claiming that they "have offered and hereby offer again to submit accounts to Plaintiff for collection." (Defendants' Memorandum in Opposition of Plaintiff's Motion, Page 4). However, at this point, Plaintiff is not bound to accept Defendants' offer to perform. Defendants' prior statements indicating their intention not to perform justifies Plaintiff's current action. RESTATEMENT (SECOND) OF CONTRACTS, § 250. The defense of a recent offer to perform under a Settlement Agreement found to have been breached five years ago may not now be asserted as an affirmative defense and should be disposed of by summary judgment.

In "Defendants' Cross Motion for Summary Judgment," the Defendants argue that the

Plaintiff's claim for damages for breach of contract is precluded by res judicata because Plaintiff filed a prior action for specific performance concerning the same contract. However, "claim preclusion generally does not apply where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts . . . .'" *Marrese v.American Academy of Orthpaedic Surgeons*, 470 U.S. 373, 382 (1985) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c)). In addition, an express agreement between the parties that an action on one part of the claim will not preclude a second action on another part of the claim should be honored, and res judicata should not be allowed to bar the second claim under these circumstances. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4415. In the previous case, Plaintiff sought voluntary dismissal of his Motion to Quantify Damages with Defendants' understanding that the claim for damages would be brought in a separately-filed action, which is what Defendants' had argued was required by the terms of the Settlement Agreement and this court's May 5, 1993, Order. When this Court notified the Defendants that the previous case would be dismissed without prejudice and that Plaintiffs would seek other relief under the Settlement Agreement, Defendants did not object. Any objection the Defendants had at the time should have been presented in writing as instructed and failure to do so resulted in Defendants' acquiescence. THE RESTATEMENT (SECOND) JUDGMENTS, § 26(1)(c) Therefore, Defendants' motion should be denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's "Motion for Partial Summary Judgment" (Doc. No. 26) is GRANTED

and Defendants' affirmative defenses numbered 1 through 11 set forth in Defendant's "Answer to Complaint" will be DISMISSED; and

2. "Defendants' Cross Motion for Summary Judgment" (Doc. No. 34) is DENIED.

_____
UNITED STATES DISTRICT JUDGE